UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLE RACKLIFF,<br><br>           Plaintiff,<br><br>    v.<br><br>UW MEDICINE, *et al.*,<br><br>           Defendants. | NO. C19-0353RSL<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on plaintiff's "Application for Court-Appointed Counsel." Dkt. # 5. Unlike indigent defendants in criminal cases, civil litigants have no constitutional right to counsel at the expense of another. Although the judiciary will sometimes request that members of the bar assist plaintiffs under the authority of 28 U.S.C. § 1915(e)(1), it does so only in exceptional circumstances. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). When determining whether to appoint counsel, the courts of the Ninth Circuit generally consider whether plaintiff is indigent, the likelihood of success on the merits, and plaintiff's ability "to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff alleges that UW Medicine erroneously configured a database in such a way that his protected health care information was available on the internet for a period of time. Plaintiff has sued both UW Medicine and the compliance officer who signed the letter notifying him of the breach. Although he has provided evidence of indigency, plaintiff provides no information regarding the nature of the health care information that was exposed, defendants' culpability for

ORDER DENYING MOTION
FOR APPOINTMENT OF COUNSEL - 1

that breach, whether the healthcare information was accessed by a third party, whether there was any unauthorized use of the information, or whether any damages arose from the incident. Having failed to show a likelihood of success on the merits, the Court finds that appointment of counsel in this civil action is not appropriate: the costs of pursuing plaintiff's claim will not be foisted on someone else (whether the government or an attorney acting pro bono).

For all of the foregoing reasons, plaintiff's motion for appointment of counsel is DENIED.

Dated this 23rd day of May, 2019.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR APPOINTMENT OF COUNSEL - 2